IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER TODD WILSON,

      Plaintiff,

      v.                              CASE NO.  25-3061-JWL

SALINE COUNTY JAIL, et al.,

      Defendants.

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis*.  He is in custody at the Saline County Jail in Salina, Kansas ("SCJ"). Plaintiff alleges that he has been kept in segregation without adequate reason and complains about being restricted from using the kiosk to communicate with his attorney or anyone else.

The Court entered a memorandum and order to show cause ("MOSC") (Doc. 9) directing Plaintiff to show cause by May 29, 2025, why this matter should not be dismissed due to the deficiencies set forth.  The MOSC stated that if Plaintiff failed within the time allotted to file a response, this action could be dismissed without further notice.  Plaintiff has not filed a response as of the date of this Order.

The Court found in the MOSC that the Complaint had a number of problems.  First, Plaintiff named SCJ as a defendant.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added).  Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Michigan*

*Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983."). Therefore, the MOSC found that Plaintiff's claims against the SCJ were subject to dismissal.

The MOSC further found that Plaintiff's claims against Marcia Crum were subject to dismissal because Plaintiff failed to mention her in the body of the Complaint. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the

caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

In addition, mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability). An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011). "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id*. at 1204 (citing *Iqbal*, 129 S. Ct. at 1949). The MOSC concluded that Plaintiff's claims against Crum were subject to dismissal because he did not describe any actions she took that allegedly violated his constitutional rights.

The MOSC next found that Plaintiff's request for compensatory damages was barred because he alleged only "mental anguish and anxiety." The failure to allege a physical injury bars a plaintiff from receiving compensatory damages under 42 U.S.C. § 1997e(e). Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e).

3

"The plain language of the statute does not permit alteration of its clear damages restrictions on the basis of the underlying rights being asserted." *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001). "The statute limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional." *Id*. (citing *Robinson v. Page,* 170 F.3d 747, 748 (7th Cir. 1999)).

In addition, the MOSC determined that Plaintiff failed to state a claim on the basis of the alleged denial of contact with his attorney via the kiosk system. The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. A prisoner also has a constitutional right of access to the courts. In addition, "First Amendment rights of association and free speech extend to the right to retain and consult with an attorney." *Poole v. Cnty. of Otero*, 271 F.3d 955, 961 (10th Cir. 2001) (citing *DeLoach v. Bevers*, 922 F.2d 618, 620 (10th Cir. 1990)), *abrogated on other grounds by Hartman v. Moore*, 547 U.S. 250 (2006).

However, Plaintiff did not allege that he had been denied all access to his attorneys but rather was prohibited from using the phone and other communication devices due to his violations of SCJ rules and abuse of phone privileges. Consequently, Plaintiff failed to state a claim regarding access to his attorney.

As for Plaintiff's claim about being housed in segregation even after he served his disciplinary sanction, the MOSC found that it also failed because Plaintiff did not demonstrate unconstitutional punishment, a sufficiently serious deprivation, or deliberate indifference. "[T]he Fourteenth Amendment 'prohibits *any* punishment' of a pretrial detainee without due process." *Hubbard v. Nestor*, 830 F. App'x 574, 583 (10th Cir. 2020) (unpublished) (citing *Blackmon v. Sutton*, 734 F.3d 1237, 1241 (10th Cir. 2013); *see also Bell v. Wolfish*, 441 U.S. 520, 535 – 37

(1979) (holding that the government may subject a pretrial detainee to restrictions and conditions of confinement without triggering procedural due process protection so long as such measures don't amount to punishment). "[A] showing of an expressed intent to punish on the part of detention facility officials"—standing alone—is sufficient to demonstrate "the disability is imposed for the purpose of punishment." *Id.* (citing *see Bell*, 441 U.S. at 538; *see also Blackmon*, 734 F.3d at 1241).

"Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." *Bell*, 441 U.S. at 540. "[I]n addition to ensuring the detainees' presence at trial, the effective management of the detention facility once the individual is confined is a valid objective that may justify imposition of conditions and restrictions of pretrial detention and dispel any inference that such restrictions are intended as punishment." *Id.* The Supreme Court has warned that these decisions "are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." *Id.* at 540, n.23 (citations omitted).

Plaintiff stated in the Complaint that he was placed in segregation because of his misuse of the kiosk or telephone system in violation of a court-imposed no contact order. Thus, even taking all the facts alleged in the Complaint as true, Plaintiff did not allege a plausible claim that his placement and retention in segregation was not reasonably related to the SCJ's interest in effective management and security of the facility.

The MOSC noted that Plaintiff mentioned the Eighth Amendment in connection with his segregation claim.  A prison official violates the Eighth Amendment when two requirements are met.[1]  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  "First, the deprivation alleged must be, objectively, 'sufficiently serious.'"  *Id.*  To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).

The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency."  *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  The Supreme Court has acknowledged that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation."  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations omitted).  Indeed, prison conditions may be "restrictive and even harsh."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  "Under the Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety."  *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (citation omitted).

The second requirement for an Eighth Amendment violation "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer*, 511 U.S. at 834.  Prison officials must have a "sufficiently culpable state of mind," and

---

[1]  The Tenth Circuit has held that a pretrial detainee's claims regarding conditions of confinement are governed by the Due Process Clause, and that "the Eighth Amendment standard provides the benchmark for such claims." *Routt v. Howard*, 764 F. App'x 762, 770 (10th Cir. 2019) (unpublished) (quoting *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)); *see also Hooks v. Atoki*, 983 F.3d 1193, 1203–04 10th Cir. 2020) (declining to extend *Kingsley's* exclusively objective standard for pretrial detainees' excessive force claims to Fourteenth Amendment deliberate indifference claims).

in prison-conditions cases that state of mind is "deliberate indifference" to inmate health or safety. *Id*. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. "The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" *Id*. It is not enough to establish that the official should have known of the risk of harm. *Id*.

Because the sufficiency of a conditions-of-confinement claim depends upon "the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered." *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)). "While no single factor controls . . . the length of exposure to the conditions is often of prime importance." *Id*. As the severity of the conditions to which an inmate is exposed increases, the length of exposure required to make out a constitutional violation decreases. Accordingly, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations. . .' may meet the standard despite a shorter duration." *Id*. (citations omitted).

The MOSC found that Plaintiffs' allegations failed to allege a "sufficiently serious" deprivation or facts showing he is "incarcerated under conditions posing a substantial risk of serious harm." Plaintiff also failed to allege deliberate indifference by any defendant. Therefore, Plaintiff failed to state a claim for violation of his Eighth Amendment rights.

Finally, the MOSC found that Plaintiff's complaints about the grievance procedure at the SCJ did not state a constitutional claim. The Tenth Circuit has held several times that there is no constitutional right to an administrative grievance system. *Gray v. GEO Group, Inc.*, No. 17–6135, 2018 WL 1181098, at *6 (10th Cir. March 6, 2018) (citations omitted); *Von Hallcy v.*

*Clements*, 519 F. App'x 521, 523–24 (10th Cir. 2013); *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *see also Watson v. Evans*, Case No. 13–cv–3035–EFM, 2014 WL 7246800, at *7 (D. Kan. Dec. 17, 2014) (failure to answer grievances does not violate constitutional rights or prove injury necessary to claim denial of access to courts); *Strope v. Pettis*, No. 03–3383–JAR, 2004 WL 2713084, at *7 (D. Kan. Nov. 23, 2004) (alleged failure to investigate grievances does not amount to a constitutional violation); *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003) (finding that "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials").

The MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim." (Doc. 9, at 12.) Plaintiff has failed to respond to the MOSC and has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED** that this action is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

**Dated June 11, 2025, at Kansas City, Kansas.**


<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**